Stephen Koteff, No. 9407070
ACLU of Alaska Foundation
1057 W. Fireweed Lane, Ste. 207
Anchorage, AK 99503
(907) 263-2007
*skoteff@acluak.org*

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANTHONY L. BLANFORD and JOHN K. BELLVILLE, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. DUNLEAVY; in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA, <br><br> Defendants. | Case No. 3:19-cv-00036-JWS <br><br> **SCHEDULING AND PLANNING <u>CONFERENCE REPORT</u>** |

**I.     Meeting.**

In accordance with Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and with Local Civil Rules 16.1 and 26.1(b), the parties conferred on **August 8, 2019**; the following persons participated: **Stephen Koteff for Plaintiffs; Brewster Jamieson and Michael Baylous for Defendants.** The parties recommend the following:

**II.     Discovery Plan.**

    **A.     Timing, Form and Disclosure Requirements**. Please refer to Rule 26(f)(3)(A), Federal Rules of Civil Procedure.  Are there changes

that the parties are proposing to that rule for this case under Rule 26(a)?

Yes __  No **X**

B. **Initial Disclosures / Preliminary Witness Lists.**
   1. The information required by Rule 26(a)(1), Federal Rules of Civil Procedure:
      (a) __   Has been exchanged by the parties.
      (b) **X**   Will be exchanged by the parties on or before: **September 13, 2019**.
   2. Preliminary witness lists:
      (a) __   Have been exchanged by the parties.
      (b) **X**   Will be exchanged by the parties on or before **September 13, 2019**.
   3. Disclosure Statement.  The disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:
      (a) __   Have been complied with.
      (b) __   Compliance will be accomplished on or before *[date]*.
      (c) **X**   Rule 7.1 is not applicable.

C. **Subjects and Timing of Discovery**.  *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure.
   1. List the subjects on which discovery may be needed: The subjects presently identified by the parties include: **status of Plaintiffs as policymakers under *Hunt v. County of Orange*, 672 F.3d 606 (9th Cir. 2012) and *Fazio v. City and County of San Francisco,* 125 F.3d 1328 (9th Cir.1997); facts relevant to liability, including defendants' motives; facts relating to the issue of**

**qualified immunity; evidence necessary to establish, prove, and defend against equitable relief and damages; and facts relating to the claim of violation of the implied covenant of good faith and fair dealing.**

2. Should discovery be conducted in phases or limited to or focused on particular issues? Yes ___ No ___ **The parties disagree about the timing of discovery. Defendants propose a short preliminary period of discovery focused on the issue of whether Plaintiffs were "policymaking" employees pending resolution of a motion for summary judgment on this issue. Plaintiffs oppose limiting discovery on this basis because summary judgment on this issue will not be dispositive of Plaintiffs' claims under the Alaska Constitution or their claims relating to the breach of the implied covenant of good faith and fair dealing. Defendants disagree, and believe this issue will be dispositive of all claims.**

3. Absent good cause, the proposed <u>date for completion of all discovery</u> should be no later than **August 3, 2020**.

4. **Final Discovery Witness List.** A final discovery witness list disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on **June 1, 2020**.[1]

5. **Close of Fact Discovery.** Fact discovery will be completed on or before **August 3, 2020.**

---

[1] Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial.

6. **Expert Discovery**. *See* Rule 26(a)(2), Federal Rules of Civil Procedure.

   (a) Expert witnesses shall be identified by each party on or before **April 13, 2020**, and each party may identify responsive supplemental expert witnesses within **14 days** thereafter.

   (b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

      (i) By all parties on or before **June 15, 2020**;

      (ii) Rebuttal reports on or before **30 days** from the service of the report being rebutted.

   (c) Expert witness discovery (include depositions) shall be completed by: **August 3, 2020.**

D. **Preserving Discovery and Electronically Stored Information (ESI)**

   1. Are there issues about the disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced? *See* Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

      Yes __ No **X**

   2. Please state how ESI should be produced: **The parties will confer and attempt to determine by consensus the methods and procedures for ESI production.**

   3. Are there issues with preserving non-ESI discovery?

      Yes __ No **X**

E. **Claims of Privilege or Protection of Attorney Work Product** *See* Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

   1. __ There is no indication that this will be an issue.

2. __ The parties have entered into a confidentiality agreement.
3. **X** The parties will file their proposed confidentiality agreement on or before: **September 6, 2019**.

F. **Limitations on Discovery.** *See* Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

1. **X** The limitations contained in Rules 26(b), 30, and 33, Federal Rules of Civil Procedure, and in Local Civil Rules 30.1 and 36.1, will apply **with none of the exceptions**, indicated below.
2. __ The maximum number of depositions by each party will not exceed *[number]*.
   (a) __ Depositions will not exceed *[number]* hours as to any deponent.
   (b) __ Depositions will not exceed *[number]* hours as to non-party deponents.
   (c) __ Depositions will not exceed *[number]* hours as to party deponents.
3. __ The maximum number of interrogatories posed by each party will not exceed *[number]*.
4. __ The maximum number of requests for admissions posed by each party will not exceed *[number]*.
5. __ Other limitations: *[insert other limitations]*.

G. **Supplementation of Disclosures and Discovery Responses.** Please refer to Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure. Do the parties request that the Court enter an order that is different from these rules (*e.g.* supplementation at 30-day intervals)? Yes __ No **X**

**III. Pretrial Motions.**

    **A.** Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days? Yes __ No **X**

    **B.** Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

        1. Motions to amend pleadings or add parties will be filed not later than **August 30, 2019**. Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

        2. Motions under the discovery rules will be filed not later than **August 3, 2020**.

        3. Dispositive motions (including motions for summary judgment) will be filed not later than **August 3, 2020**.

        4. Motions to exclude expert testimony shall be filed and served not later than **August 3, 2020**.

**IV. Trial.**

    **A.** The case is expected to take **15** days to try.

    **B.** Has a jury trial been demanded? Yes **X** No

    **C.** Is the right to jury trial disputed? Yes __ No **X**

    **D.** The parties __ do / __ do not request the scheduling of a trial date at this time.[2]

---

[2] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge. Counsel and self-represented parties are advised to contact the assigned judge's Data Quality Analyst (DQA) to

1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, at least two of which are 5 to 7 months from the close of all discovery.

2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

V. **Other Provisions.**

  A. **Court Conference.** The parties **X** do / _ do not request a conference with the court before entry of a scheduling order. **The Court has ordered that the conference be held on August 9, 2019.**

  B. **Consent to Proceed before a Magistrate Judge.**
  The parties _ do / **X** do not consent to trial before a magistrate judge.

  C. **Early Settlement / Alternative Dispute Resolution.**
  1. Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?
  Yes _ No **X**
  2. Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?
  Yes **X** No

  D. **Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)? Yes **X** No *Bakalar v. Dunleavy, et. al,* **Case No. 3:19-cv-00025-JWS.**

VI. **Report Form.**

  A. Have the parties experienced a problem in using this form?

---

determine the judge's practice for establishing a trial date.

Scheduling and Planning Conference Report
*Blanford et al. v. Dunleavy, et al.,* Case No. 3:19-cv-00036-JWS    Page 7 of 8

Yes __ No **X**

    **B.**    Are there additional subjects that the parties would propose to add to this form? Yes __ No **X**

|  |  |
|---|---|
|  | LANE POWELL LLC<br>Attorneys for Defendants |
| Dated: August 9, 2019 | By  s/ Brewster H. Jamieson (w/consent)<br>   Brewster H. Jamieson, ABA No. 8411122<br>   Peter C. Partnow, ABA No. 7206029<br>   Michael B. Baylous, ABA No. 0905022 |
|  | ACLU OF ALASKA FOUNDATION<br>Attorneys for Plaintiffs |
| Dated: August 9, 2019 | By  s/ Stephen Koteff<br>   Stephen Koteff, ABA No. 9407070<br>   Joshua A. Decker, ABA No. 1201001 |

I certify that on August 9, 2019, a copy of
the foregoing was served electronically on:

Linda Johnson, usdc-anch-ntc@cplawak.com
Brewster H. Jamieson, jamiesonb@lanepowell.com
Peter C. Partnow, partnowp@lanepowell.com
Michael B. Baylous, baylousm@lanepowell.com


s/ Stephen Koteff