Brewster H. Jamieson, ABA No. 8411122
Peter C. Partnow, ABA No. 7206029
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone: 907-264-3325
 907-264-3317
 907-264-3303
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
 partnowp@lanepowell.com
 baylousm@lanepowell.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANTHONY L. BLANFORD and JOHN K. BELLVILLE,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. DUNLEAVY; in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA,<br><br>Defendants. | Case No. 3:19-cv-00036-JWS<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST <u>DISCOVERY REQUESTS</u>** |

   Defendants Michael J. Dunleavy ("Governor Dunleavy"), Tuckerman Babcock ("Mr. Babcock"), and the State of Alaska (the "State") (collectively, "Defendants") respond to the February 14, 2020 First Discovery Requests (the "Requests") propounded by Plaintiffs Anthony Blanford ("Dr. Blanford") and John Bellville ("Dr. Bellville").

<u>**GENERAL OBJECTIONS**</u>

   Defendants hereby incorporate by reference into each response the following

materiality, and admissibility of, or to object on any ground to, the use of information set forth herein at subsequent proceedings or the trial of this or any other action.

Defendants object to the Requests to the extent they seek documents which are not available to Defendants or which are equally or more readily available to Plaintiffs.

Defendants object to the Requests to the extent they seek production of documents and/or information in the possession of a third party.

Defendants object to the Requests to the extent they are not limited to the time period relevant or material in this proceeding.

Subject to and without waiving the foregoing Preliminary Statement and General Objections, and incorporating all of them in each of the Responses hereafter, Defendants respond as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state in detail every fact on which you base your denials in the Answer to Plaintiffs allegations that Anthony Blanford was not a policy making employee.

**RESPONSE:** Defendants object to this interrogatory, because the term "policy making employee" is vague and ambiguous. Nevertheless, Defendants undertake to respond to this interrogatory in good faith. Defendants assume "policy making employee" refers to the legal conclusion, which involves analysis of numerous factors, that a public employee is a confidential, policymaking, or public contact employee as discussed in public employee speech cases, including but not limited to *Elrod v. Burns,* 427 U.S. 347 (1976), and *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331-1332 (9th Cir. 1997). Defendants further object to this interrogatory as overbroad and unduly burdensome in requiring Defendants to outline "every fact" that illustrates Dr. Blanford was a "policy making employee," since such facts include countless actions and interactions during Dr. Blanford's employment at the Alaska Psychiatric Institute ("API"). Without waiving any general or specific objections, Defendants provide an overview of Dr. Blanford's employment responsibilities and actions.

As the Chief of Psychiatry for API, Dr. Blanford was responsible for direct patient care, administrative management, establishing and ensuring compliance with policies and procedures, staff oversight, and oversight of all medical, psychiatric, and clinical services. His specific duties included but were not limited to:

- Oversight and supervision over and responsibility for all clinical staff, services, and sections at API, including psychiatric, medical, nursing, social work, admissions, psychology, rehabilitation, and pharmacy;

- Supervision and evaluation of all clinical services to psychiatric patients within the network of State-operated psychiatric diagnostic, treatment, and consultations services;

- Assurance that all evaluations, diagnostic, and treatment activities occur within the framework of Alaska State Law regarding treatment of mentally ill persons;

- Oversight of medical staff documentation, including National Provide Identifier, Medicare, and Medicaid clinical billing requirements;

- Leadership role as member of API Senior Management Team, Risk Management Team, Forensic Review Board, and Medical Executive Committee;

- Oversight and development of internal Utilization Review and Management;

- Supervision of student physicians in behavioral workforce programs;

- Development and implementation of State of Alaska inpatient psychiatric healthcare polices policies and programs;

- Development, revision, and implementation of policies and procedures (and standing orders) regarding patient intake and treatment and facility safety;

- Work in collaboration with the lead Forensic Psychologist on Forensic Unit, including diagnostic evaluations, treatment recommendations, medications management, and reports/testimony if court-ordered medications are needed to attain competence;

Further, for his management and policy making position Dr. Blanford received a significant salary, greater than other psychiatrists.

**INTERROGATORY NO. 2:** Please state in detail each and every reason why Dr. Blanford's employment was terminated on December 3, 2018.

**RESPONSE:** On November 16, 2018, a memorandum from Mr. Babcock titled Request for Resignation (the "Resignation Request Memorandum") was sent to the State's at-will employees, asking them to submit tentative resignations, and for those who wanted to remain in their position, to submit a statement of interest in that position. Because he failed to respond to the Resignation Request Memorandum, Dr. Blanford was notified of his at-will employment termination on December 3, 2018.

**INTERROGATORY NO. 3:** Please state in detail each and every reason why Dr. Bellville's employment was terminated on December 3, 2018.

**RESPONSE:** On November 16, 2018, a memorandum from Mr. Babcock titled Request for Resignation (the "Resignation Request Memorandum") was sent to the State's at-will employees, asking them to submit tentative resignations, and for those who wanted to remain in their position, to submit a statement of interest in that position. Because he failed to respond to the Resignation Request Memorandum, Dr. Bellville was notified of his at-will employment termination on December 3, 2018.

**INTERROGATORY NO. 4:** Please identify each person who was responsible for the termination of Plaintiffs' employment, or who was consulted with or who otherwise participated in the deliberations or decision making process that led to the termination of Plaintiffs' employment, including the name and specific role or responsibility of each person.

**RESPONSE:** Governor Dunleavy authorized Mr. Babcock, as his presumptive chief of staff, to make personnel decisions for the incoming administration. On November 16, 2018, a memorandum from Mr. Babcock titled Request for Resignation (the "Resignation Request Memorandum") was sent to the State's at-will employees, asking them to submit tentative resignations, and for those who wanted to remain in their

**RESPONSE:** Defendants further object that this request is not seeking information relevant to a claim or defense of any party, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any general or specific objections, see Confidential Blanford/Bellville DEF 000001-140.

**REQUEST FOR PRODUCTION NO. 4:** Please produce the job description for John Bellville's job at the time his employment was terminated.

**RESPONSE:** Defendants further object that this request is not seeking information relevant to a claim or defense of any party, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any general or specific objections, see Confidential Blanford/Bellville DEF 000141-349.

DATED this 8th day of May, 2020.

LANE POWELL LLC
Attorneys for Defendants

By  s/ Michael B. Baylous
    Brewster H. Jamieson, ABA No. 8411122
    Peter C. Partnow, ABA No. 7206029
    Michael B. Baylous, ABA No. 0905022

I certify that on May 8, 2020, a copy of
the foregoing was served electronically on:

Stephen Koteff, skoteff@acluak.org
Joshua Decker, jdecker@acluak.org

Michael B. Baylous

026822.0005/8046064.4

Exhibit 24, Page 5 of 5
Plaintiffs' Motion for Sumary Judgment

Case 3:19-cv-00036-JWS   Document 54-24   Filed 04/09/21   Page 5 of 5